```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

John Westfall,                  :

        Plaintiff,       : Case No. 2:10-cv-813

   v.                           :

Keith Plummer, et al.,          : JUDGE HOLSCHUH

        Defendants.       :

REPORT AND RECOMMENDATION

On September 13, 2010, plaintiff John Westfall, filed a complaint and a request for leave to proceed *in forma pauperis*. His affidavit reveals that he is unable to afford the filing fee for a civil action. The Court must now screen his complaint under 28 U.S.C. §1915(e) before determining whether to order the Marshal to serve the complaint. For the following reasons, it will be recommended that this case be dismissed.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing

fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). The complaint will be evaluated under these standards.

II.

Mr. Westfall's complaint is fairly brief. However, he has attached an opinion from the Court of Appeals of Guernsey County, Ohio, Fifth Appellate District, to his complaint, so the Court will also use information in that opinion to help explain what Mr. Westfall's complaint is about.

A gentleman named Dean Westfall, presumably a relative of plaintiff John Westfall, died in 2002. One of the defendants named in Mr. Westfall's complaint, Keith Plummer, an attorney, had prepared the late Dean Westfall's will. After Dean Westfall died, John Westfall raised a number of issues about the distribution of the assets of the estate, including, according to his complaint, issues about an allegedly forged quit-claim deed, about certain shares of stock that were distributed under the will, and about Dean Westfall's signature or initials on the will. Among other things, he asked that a special prosecuting attorney be appointed to investigate these allegations, and he filed a number of civil cases in state court against Attorney Plummer.

According to the opinion attached to the complaint, a special prosecutor was appointed in 2004 to investigate Mr. Westfall's claim that Mr. Plummer had committed various criminal

offenses.  The special prosecutor was Shawn Hervey, who is the other defendant named in the complaint which Mr. Westfall filed in this Court.  Mr. Hervey completed his investigation in 2006 and determined that no criminal charges would be filed.  The court which had appointed Mr. Hervey closed its case on this matter on February 23, 2006.

This apparently did not satisfy Mr. Westfall, and he continued to pursue the possibility of criminal charges against Mr. Plummer.  The last such suit he filed was dismissed by the Guernsey County Common Pleas Court in 2007, and that dismissal was affirmed by the state court of appeals.  Mr. Westfall's motion to reconsider that decision was denied on July 18, 2008.

Almost immediately thereafter, Mr. Plummer filed suit in the Guernsey County Common Pleas Court seeking to have Mr. Westfall declared a vexatious litigator, as provided by Ohio Rev. Code §2323.52(A)(3).  The court granted his request over the objection of Mr. Westfall, and on September 23, 2009, by way of the decision attached to Mr. Westfall's motion, the state court of appeals affirmed that ruling.

Mr. Westfall's complaint in this Court asks for several remedies.  First, he asks the Court to "investigate the Defendants actions that determined Plaintiff to be a 'vexatious litigator' ...."  Second, he asks the Court to "immediately" hold the Defendant "liable for his actions along with others involved in this deception or conspiracy."  He does not identify any specific legal theory under which he has filed his complaint, nor does he state why he thinks that a federal court would have jurisdiction to grant him that or any other relief.

III.

With respect to Mr. Westfall's request that the Court conduct an investigation into the defendants' actions, this Court does not function as an independent investigative agency.  It is

here to resolve disputes between parties in accordance with the applicable rules of procedure and any applicable law.  Thus, the Court cannot, even if it has jurisdiction over the dispute described in the complaint, conduct any type of investigation into the parties' conduct.

IV.

With respect to any other relief requested by Mr. Westfall, in order for this Court to grant relief, it must have jurisdiction over the parties' dispute.  Federal courts are courts of limited jurisdiction, and if a case does not fall within the categories of cases described in Article III, section 2 of the United States Constitution and also within the jurisdiction granted to the Court by Act of Congress, the Court may not hear the case.

Mr. Westfall has not told the Court why he thinks it has jurisdiction.  Generally, for civil matters, the United States District Courts have jurisdiction to resolve either cases arising under federal law, see 28 U.S.C. §1331, or cases arising under state law if the parties to such cases are citizens of different states and the amount in controversy exceeds $75,000.  See 28 U.S.C. §1332.  It appears from the complaint that Mr. Westfall, Mr. Plummer, and Mr. Hervey are all citizens of Ohio.  Therefore, the only conceivable basis of jurisdiction would be the existence of a question arising under federal law.

The most common type of claim asserted by plaintiffs such as Mr. Westfall is a claim under 42 U.S.C. §1983.  That statute prohibits a state or local governmental official from depriving a person of his or her constitutional rights.  In order to state a claim for relief under §1983, the defendant or defendants must be governmental officials or must otherwise have engaged in "state action," and a complaint must be filed in the federal court not later than two years after the events about which the plaintiff

complains.  See Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978); Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989).

It does not appear from the complaint that Mr. Plummer is a state or local governmental official, but rather an attorney in private practice.  Private attorneys are not generally considered to be state actors.  See, e.g., Border City Savings & Loan Association v. Kennecorp Mortgage and Equities, Inc., 523 F.Supp. 190, 193 (S.D. Ohio 1981).  Further, whatever fraudulent acts he is alleged to have committed appear to have taken place well prior to 2008, so any complaint about them would be time-barred.  Mr. Hervey, as a special prosecutor, could be considered a state actor, but the complaint and the opinion attached to it indicate that Mr. Hervey's work on this matter was completed in 2006, which is also well before the two-year limitations period applicable to claims under §1983.

It is possible that Mr. Westfall is attempting to bring one or more claims arising out of the state court action holding him to be a vexatious litigator.  If he is simply asking this Court to review the decision of the state court, it cannot do so.  United States District Courts have no jurisdiction to review the judgments of state courts directly; that function is reserved to the United States Supreme Court.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Howard v. Ohio Supreme Court, 2008 WL 148890 (S.D. Ohio January 14, 2008).  If he is attempting to state a claim against Mr. Plummer based on Mr. Plummer's use of the state court system to obtain a declaration that Mr. Westfall is a vexatious litigator, that claim would also fail, because a private party's use of the state courts to obtain relief does not constitute "state action" or make that private party a state actor.  See, e.g., Hill v. Langer, 86 Fed. Appx. 163, *4 (6th Cir. January 26, 2004), citing Fallis v. Dunbar, 532

F.2d 1061 (6th Cir. 1976); see also Kafele v. Javitch, Block, Eisen & Rathbone, 2004 WL 5178125 (S.D. Ohio September 27, 2004).

In short, there does not appear to be any basis on which Mr. Westfall may legitimately proceed against these defendants in federal court.  That being so, this case should be dismissed under 28 U.S.C. §1915(e)(2).

V.

For the above reasons, it is recommended that this case be dismissed pursuant to 28 U.S.C. §1915(e)(2).  Should this recommendation be adopted, a copy of the complaint, the Report and Recommendation, and any dismissal order should be mailed to the defendants.

VI.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v.

Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                  /s/ Terence P. Kemp
                                  United States Magistrate Judge