```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


JOHN WESTFALL,                    :

            Plaintiff,            :  Case No. 2:10-cv-813

     v.                           :  Judge Holschuh

KEITH PLUMMER, et al.,            :  Magistrate Judge Kemp

            Defendants.           :
```

### MEMORANDUM OPINION & ORDER

On September 13, 2010, plaintiff John Westfall filed a complaint and a request for leave to proceed *in forma pauperis*. In a Report and Recommendation filed on October 4, 2010, the assigned Magistrate Judge recommended that the case be dismissed. Mr. Westfall filed an objection to that recommendation on October 13, 2010.  As required by 28 U.S.C. §636(b)(1)(B), the Court will make an independent review of the question of whether this case should be allowed to go forward, or whether it has to be dismissed.  For the following reasons, and after taking into account the additional information provided by Mr. Westfall in his objection, the Court concludes that Mr. Westfall's claims do not fall within this Court's limited jurisdiction, that he is asking for relief that this Court cannot provide, and that if he ever had any claims which a federal court can hear, he has waited too long to make them.  Consequently, this case will be dismissed.

                                 I.

The Report and Recommendation correctly notes that because Mr. Westfall has asked to proceed in this Court without paying a filing fee, the Court must review his complaint to determine if it should be allowed to proceed.  The statute that requires that

review, 28 U.S.C. §1915(e)(2), states that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The Report and Recommendation correctly explains what it means for a complaint to be frivolous or to fail to state a claim on which relief can be granted, and how the Court is to interpret complaints filed by parties who are not represented by attorneys.  Mr. Westfall has not objected to that part of the Report and Recommendation, so the Court adopts that discussion and will not repeat those standards here.

## II.

Mr. Westfall has sued two individuals - Keith Plummer, an attorney, and Shawn Hervey, also an attorney, who was appointed as a special prosecutor back in 2004.  The Report and Recommendation stated the facts of the case to the extent that they could be understood from Mr. Westfall's complaint and the documents he attached to it.  Because Mr. Westfall's objection more clearly states what Mr. Westfall's claims are, the Court will use that document as well to help explain why it appears that Mr. Westfall has chosen to file his complaint in this Court against these two defendants.

Mr. Westfall's father, Dean Westfall, died in 2000.  Shortly before his death, he indicated that it was his intent to leave specific sums of money to his three children, and also to leave a certain percentage of his stock in a company called M/X Steel to each one of them.  Mr. John Westfall, the plaintiff in this case, was to receive $20,000.00 and a 9% interest in M/X Steel, and his brother Richard was to receive the same amount of money plus a 10% interest in the company.

After Dean Westfall died, plaintiff John Westfall asked for a copy of the will.  It had apparently been given to defendant

Keith Plummer in his capacity as a private attorney.  Three months later, a copy was produced.  That will did not leave anything to either John or Richard Westfall.  It also contained discrepancies about how much stock in M/X Steel was owned by Dean Westfall and how much was to be distributed.

John Westfall suspected fraud.  He reported his suspicions to the Cambridge Police Department and the Federal Bureau of Investigation.  He also filed a lawsuit, which was dismissed, and he persuaded a state court to appoint a special prosecutor (Mr. Hervey).  Although Mr. Westfall believed that Mr. Hervey was supposed to investigate a number of issues about Dean Westfall's will and also about a quit-claim deed which conveyed Dean Westfall's residence, Mr. Hervey did only one thing - he sent the will to the Ohio Bureau of Criminal Investigation to analyze the signature.  That, according to Mr. Westfall, was useless because the will was not signed but only initialed.  Nothing came of the results of Mr. Hervey's investigation, and the state court closed the matter on February 23, 2006.

Mr. Westfall, on his own, continued to try to get criminal charges filed against Mr. Plummer.  Eventually, the state courts declared him a vexatious litigator and forbade him to file any more suits about this matter in those courts without obtaining leave of court.  Apparently out of options in the state court system, Mr. Westfall has now turned to the federal courts in order to get relief.

In both his complaint and his objection to the Report and Recommendation, Mr. Westfall has asked this Court to investigate this matter and, apparently, to institute some type of criminal proceedings against Mr. Plummer.  He states in his objection that "[t]he idea of fraud and forgery committed by a Prosecuting Attorney while in office and not allowing the introduction of FAX transmittal form proving this existence is intolerable from any

state, county or federal level." Objection to Report and Recommendation, Doc. #6, at 4. The question before this Court is whether, even if what Mr. Westfall says is true, the Court has any power to grant him any relief.

### III.

The Report and Recommendation advised Mr. Westfall that a federal court cannot itself initiate or conduct a criminal investigation. Under the separation of powers doctrine embedded in the United States Constitution, it is up to the executive branch of the federal government (that is, the President, the Attorney General, and the various law enforcement agencies such as the F.B.I.) to investigate whether someone has violated federal law and, if so, whether to charge that person with a crime. That is why the United States Supreme Court has said that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." United States v. Nixon, 418 U.S. 683, 693 (1974). Private citizens may not do so; "a private citizen[] has no standing to initiate federal criminal prosecutions," Keyter v. 535 Members of 110th Congress, 277 Fed. Appx. 825, 827 (10th Cir. May 13, 2008), and neither may a federal court or federal judge, except in circumstances where the criminal act consists of criminal disobedience to one of the Court's own orders. Even then, federal law provides that the Court must appoint a prosecutor or other attorney to prosecute the contempt case. See Fed.R.Crim.P. 42(a)(2).

Here, this Court has never issued any orders to either of the defendants, so this is not that rare situation where the Court may begin a criminal proceeding on its own. In this type of case, the Court may only function as a court. The Supreme Court has said that as a court authorized and governed by Article III of the United States Constitution, this Court - a United States District Court - can perform only judicial functions such

as saying "what the law is" and applying the law "to a particular case" so that the Court can "decide that case ...." Marbury v. Madison, 1 Cranch 137, 178 (1803). Investigating facts or initiating criminal prosecutions are not things which fall within this description of what a court may do. Here, the only thing the Court may do is to decide if Mr. Westfall's complaint states some type of civil claim against either defendant which could be tried and, if Mr. Westfall succeeded at trial, whether the Court could enter a judgment in his favor. The answer to that question depends, in turn, on whether the type of claim he wants to make against either defendant is the type of claim which comes within this Court's jurisdiction, or power, to decide.

**IV.**

The Report and Recommendation accurately states that federal courts are courts of "limited jurisdiction." That means that, unlike, for example, the Ohio Courts of Common Pleas, which are courts of "general jurisdiction" and which have the power to decide almost any type of legal claim, a federal court's power to hear and decide cases is much less extensive. This Court can hear only those types of cases which are both described in Article III, section 2 of the United States Constitution - a provision which limits all federal courts to hearing and deciding nine distinct types of cases - and which are also described in an Act of Congress that sets out which of these nine types of cases can be heard by a United States District Court.

Neither Mr. Westfall's complaint nor his objection identifies any provision of federal law under which he thinks this Court has the power to decide the issues raised in his complaint. This Court can hear cases which arise under federal law, see 28 U.S.C. §1331, and it can also hear cases arising under state law if the parties are citizens of different states and the case involves a claim for more than $75,000. See 28

-5-

U.S.C. §1332. Mr. Westfall, Mr. Plummer, and Mr. Hervey all appear to be citizens of Ohio, so this second type of jurisdiction does not apply here. Thus, the Court must decide if the facts in Mr. Westfall's complaint, if they are true, would show that either Mr. Plummer or Mr. Hervey somehow violated federal law – or, to be more specific, whether they violated any right guaranteed to Mr. Westfall by the United States Constitution.

There is a federal statute, 42 U.S.C. §1983, which allows someone to sue a state or local governmental official in a federal court if that official has deprived the plaintiff of his or her constitutional rights. As the Report and Recommendation point out, one of the things which a plaintiff has to allege in order to have his or her case fall under this statute is that one or more of the defendants is either a governmental official or, if the defendant was acting as a private citizen, that he or she did something which can be fairly described as a "state action." See Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978). Additionally, the complaint would have to allege that the defendants violated some specific right guaranteed to the plaintiff – here, Mr. Westfall – by the United States Constitution, such as one of the rights contained in the First Amendment, which protects freedom of speech, freedom of the press, freedom of assembly, and freedom to practice religion without governmental interference, or a right contained in some other constitutional provision, such as the right to be free from unlawful searches and seizures or not to be subjected to cruel and unusual punishment.

Mr. Westfall has not alleged any of these things. Although he seems to be saying that Mr. Plummer did or did not do something in his capacity as a prosecuting attorney, it appears that everything Mr. Westfall complains about was done by Mr.

Plummer in his capacity as a private attorney working on a probate matter.  The Report and Recommendation correctly cites to another decision of this Court, <u>Border City Savings & Loan Association v. Kennecorp Mortgage and Equities, Inc.</u>, 523 F.Supp. 190, 193 (S.D. Ohio 1981), for the proposition that private attorneys are not "state actors" and cannot be sued in a federal court under 42 U.S.C. §1983.  Mr. Hervey, as a special prosecutor, may have been a "state actor," but Mr. Westfall has no federal constitutional right to have a state-appointed special prosecutor conduct a thorough investigation of a state criminal matter.  Consequently, he has simply not alleged any facts which would make this case the type of case which this federal court can hear.

Even if that were not so, there are time limits within which federal cases under 42 U.S.C. §1983 must be filed.  In Ohio, that time limit is two years. <u>Browning v. Pendleton</u>, 869 F.2d 989 (6th Cir. 1989).  Nothing described in Mr. Westfall's complaint happened in the last two years except for the decision that he is a vexatious litigator.  This Court cannot review that decision, because this is a trial court and not a court of appeals, and, again, Congress has not given this Court the power to review decisions like the one made by the Ohio courts which considered whether to declare Mr. Westfall to be a vexatious litigator.  The United States Supreme Court has repeatedly said that this is so, as has this Court.  See <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>see also District of Columbia Court of Appeals v. Feldman,</u> 460 U.S. 462 (1983); <u>Howard v. Ohio Supreme Court</u>, 2008 WL 148890 (S.D. Ohio January 14, 2008).  Consequently, even if Mr. Westfall were claiming that his federal constitutional rights were violated by something that Mr. Plummer did or failed to do in connection with the probate of Dean Westfall's will, or something that Mr. Hervey did or failed to do when he was the

special prosecutor, those claims have been filed too late for this Court to hear them.

### V.

As it relates to this Court's power to hear the case, the question raised by Mr. Westfall's complaint and by his objection to the Report and Recommendation is not whether either of the defendants committed fraud or did something else improper.  The question is simply whether, assuming everything Mr. Westfall says is true, this federal Court can do anything for him.  For the reasons the Court has set out in this Memorandum and Order, the answer to that question is no.  Consequently, this case is **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2).  The Clerk of Court is directed to mail a copy of the complaint, the Report and Recommendation, and this dismissal order to the defendants.

**IT IS SO ORDERED.**


Date: October 25, 2010           **/s/ John D. Holschuh**
                                 John D. Holschuh, Judge
                                 United States District Court